Appellate, please approach and proceed. Good morning. Edie Cunningham on behalf of Mr. Peralta-Vega. I'd like to try to reserve two minutes. Counsel, please be reminded that the time shown on the clock is your total time remaining. Thank you. The district court made a mistake in failing to impose a monetary forfeiture order at the sentencing hearing and the government did not appeal or move to correct the error under Rule 35. Counsel, could you speak up a little? I'm having some difficulty hearing you. It is now way too late to include the monetary forfeiture in the judgment, just as it would be way too late to impose a mandatory minimum sentence, prison sentence. Doesn't the statute contemplate, however, that there will be circumstances where restitution will be or monetary will be imposed later? Your Honor, there are narrow circumstances when that can be done, when the government has not completed its investigation and needs to trace assets and such. But those circumstances did not exist here. The rule itself says it can only be done when the court cannot determine the appropriate amount. The court could have determined the appropriate amount. There are two reasons. Counsel, at that juncture of the proceedings, how could the court have determined the appropriate amount if the parties were not certain about what that amount was? Well, Your Honor, for one thing, the government in pre-sentencing briefing had already explained to the court why the forfeiture order had been reduced from $35,000 to $21,000, and that is at ER 112 Note 1. The government explained the court had not apparently thoroughly reviewed the briefing, so that's one reason. The second reason is, well, it could have been. It already had been determined as the government had presented in its pleading. The covering prosecutor was at the sentencing hearing, not the prosecutor assigned to the case. The covering prosecutor was also not prepared for the hearing and told the court, basically, when the court asked why was this forfeiture amount reduced, he said something like, short answer, Your Honor, I don't know. Defense counsel had informed the court at the beginning of the hearing that all the briefing had been done and it was ready for determination. So if the court had thoroughly read the briefing and if the prosecutor who was covering the hearing had been prepared, there would have been no issue. There was no further investigation to be done. The amount had already been determined. Everything was ready to go as defense counsel said. So under those circumstances, a general forfeiture order is not allowed, and the advisory committee notes What do you mean it's not allowed? It's not permitted under the rule. As the advisory committee notes explain, which are persuasive, it is a very rare procedure that is only appropriate when the government has not completed its investigation and asked for more time and provides good cause for that. And that is discussed in the Grayson Enterprises case. That's a Seventh Circuit case cited in the briefs. Do you have a Ninth Circuit case? Your Honor, there is no Ninth Circuit case on this. But Ninth Circuit cases, there are several cited in the brief for the proposition that the advisory committee notes are persuasive. Right, but for the proposition that the forfeiture, no forfeiture order is allowed under these circumstances. Is there a Ninth Circuit case that says that? Well, the authority for that, Your Honor, is the rule itself. The language of the rule and the advisory committee notes. I'm asking you if we have interpreted the rule and the statute the way you're asking us to interpret it today. There is no Ninth Circuit case, to my knowledge, on this issue. But it is clear from the language of the rule and the advisory committee notes. Which language specifically are you relying on? Excuse me? Which, what language specifically are you relying on? The language in 32.2b2c, which says if the district court cannot calculate the amount of the forfeiture penalty, then this procedure is permitted. And it's also clear, Your Honor. But didn't the district court say that it could not calculate it at that time? That's why there would be a hearing? Well, Your Honor, it could have. But I'm asking you, is that what the district court said? Well, the district court said that it wanted more, more clarification. And again, this was the government's fault for not being prepared to defend its amount at the hearing. If the district court was of the view that it could not calculate the amount, then it said it could not. And why wouldn't it fall within the language, then? Well, Your Honor, it could. The district court made a mistake. It could. The government had already presented all of its evidence in its briefing. Is it your view that if the district court says that I think I fall within this, you know, 2C provision that I cannot identify, and it happens to actually be wrong because you could have identified that that removes the forfeiture authority, is that your position? Well, yes, Your Honor, because this is the final forfeiture order. And if I may further explain, when we think about forfeiture, forfeiture is something that the government proffers. If it's mandatory, if it's included in the indictment, and if it satisfies the statutory requirements, it is really, if you read the structure of the rule and if you need, if you read the language of the rule and if you read the advisory committee notes, it's really the government that needs to ask for this. Because the only way that a general forfeiture order may be amended is on a government motion under Rule 32.2E1. And that brings me to the second reason why this wasn't a general forfeiture order. None of, neither the court nor the parties discussed it in this way or followed the procedures. The court didn't say at the sentencing hearing, well, I'm going to impose this general order and then it will be subject to amendment under Rule 32.2E1 later, which is also required by the rule. When the hearings and the briefing occurred after the sentencing hearing, the parties in the court were not talking about a general order that needed to be amended under 32.2E1. They were acting as though no forfeiture order had ever been entered. And then the government never moved to amend the order under Rule 32.2E1. So the procedures were not followed. And no, and I can avow that certainly defense counsel didn't see it this way. And there's nothing in the record to indicate that the court or the government saw it this way either. And there's nothing outside the record. There's an e-mail that was a government off-the-record e-mail to chambers that was the subject of a motion to expand, which was never ruled on. But that also further supports my position, if the court wishes to rule on. Sotomayor, as a procedural matter, what order was appealed? What forfeiture order was appealed? We appealed the final forfeiture order because it was entered. It was improper. And we are objecting. It's an improper order and untimely. And really what this — Well, let me ask you this. So you appealed the — you appealed from the judgment that was entered on August 19, 2021. That was the first appeal, Your Honor. And that appeal was dismissed because my client didn't want to challenge his sentence or the supervised release, which was all that was imposed then. And then what did the second appeal? The second appeal we filed after the improper forfeiture order was entered in order to argue that it was improper and could not be amended under Rule 36 because this was not a clerical error. Is that the amended one or the one that you say could not be entered? Which one of those? There is no amended order. She just entered a final forfeiture order. She didn't amend anything. If you go back and look at the final order, it does not discuss an amendment. It acts as though nothing has been done. But were there two orders? There's not two orders. There's one. There's a tardy forfeiture order entered in May, I believe, of 2022 that is tardy and cannot be effectuated because it's way too late to amend the judgment. And there's nothing in the original judgment. But there were two judgments. There were not two judgments. So at what proceeding did the court say it couldn't enter the amount? What was that? That was at the sentencing hearing. And the judgment entered after that hearing. But entered after that, that was the one judgment. That was one judgment. But there were two judgments. There was a judgment after the conviction, correct?  And then a judgment after the forfeiture, right? A second judgment has never been entered. She has never entered a second judgment. But how was the forfeiture order effectuated then? It hasn't been effectuated. It just is — it's called a final forfeiture order. But if the forfeiture order says, on ER-7, it says it shall be made part of the sentence and included in the judgment, and the rule says that you can do that by reference, so why doesn't that make it part of the judgment? Well, Your Honor, it's not proper under Rule 36 because it wasn't a clerical error leaving it out of the first judgment. The only way that you can amend a judgment is via Rule 36 or Rule 35. And if I may, I just want to explain that this is really about the finality of a sentence. It comes under Green law and ad inicio. It's a final judgment rule. And — But there also was a preliminary forfeiture order before the sentencing. There was a preliminary forfeiture order. And it had a lot of findings, and then it also had an amount in it tentatively. Your Honor, it did. I think it was the same amount in the final one. It was, but for some reason the district court wasn't satisfied with it and didn't enter it at the sentencing hearing. And now it's just as — it's just like a mandatory minimum sentence, Your Honor. And the defendant is under no obligation to object to the court's failure to enter a mandatory minimum sentence at sentencing. But, Counsel, procedurally, that order, it was placed on the record, right? It's part of the documents, right? Not the monetary forfeiture order. Not at the first — not at the sentencing. The one before the sentencing, right? Yes, but the court did not accept that. But I'm just trying to procedurally see what documents there — that are part of the record, in your view. That's not part of the record, in your view? The — Preliminary? — preliminary sentence? The preliminary? Oh, it's part of the record, yes, but it was not adopted by the court at sentencing. The court declined to adopt any monetary forfeiture at the sentencing hearing and issued the judgment. It made an order of forfeiture, so — No, it made a preliminary order, and then it declined to adopt that at the sentencing hearing, and at the sentencing hearing, it declined to impose any monetary forfeiture, and nothing about forfeiture at all is in the judgment. And I see I'm way out of time, so thank you. We've taken you over time. We'll give you a minute for rebuttal. Thank you, Your Honor. This case is confusing procedurally. Good morning. My name is Tanya Miller. I'm representing the government here today. May it please the Court. There are no jurisdictions over — there is no jurisdiction over the claims that the defendant raises in the instant appeal, and for that reason, this Court does not have to review them at all. I don't understand that. Why is there no jurisdiction? And, Your Honor, that is because at the time of sentencing, the district court clearly announced that it was ordering forfeiture. It did so orally. It indicated it found the specific items, the firearms and ammunitions. But the rule specifically says that that has to be included in the judgment. It does, Your Honor, but the rule — It was not included in the judgment, and therefore, that — these are bright-line rules for when you appeal. And an oral ruling, when there's a requirement to put it in the judgment in the piece of paper, that's your signal to appeal. That never happened. It doesn't show up in the judgment until, by cross-reference in the final order, she directs the judgment to be amended, and that was timely appeal. So I don't see how there's a jurisdictional issue, because the paper that would trigger the obligation to appeal, which is putting it in the judgment, never happened. So the time never ran. Well, Your Honor, to that, I would only say that this Court has said, and I believe the case is United States v. Hicks, that when there's an unambiguous oral announcement in the judgment of sentencing, that that controls over the written judgment. That's true, but that just tells you what the content of the judgment is. So — but still, you appeal the written entry of judgment. Oral rulings are not entered on the docket. Orders have to be entered on the docket to trigger the obligation to appeal. There's nothing where this oral order is entered in any way on the docket. Can you — is it in the minutes? Is it in the judgment? Is it anywhere in the paper docket? No, Your Honor. How could the time to appeal run if it's never entered on the docket? Well, again, Your Honor, the position of the government is that the oral judgment does have effect, and it does control over a written judgment. Of course it would control over the — in the sense that if there's a timely appeal over the final written judgment and someone wants to point out a discrepancy between the written judgment and the oral, the oral would then control. And — but what would we do? We'd amend — we'd direct the amendment of the written judgment, because that's what ultimately counts and goes into the docket. Your Honor, and I would submit that the Court is in a position to do that here, pursuant to Rule 36, because what did happen is authorized under Rule 32. That brings me to my next point, Your Honor, that the defendant has not shown plain error occurred in this case. Plain error requires a showing of error that was plain, affecting the defendant's substantial rights, and which seriously affects the fairness, integrity, and public reputation of these proceedings. Counsel, opposing counsel's position is that the district court did not have the authority to enter the — the judgment by the time that the set — the order, the written order, the judgment was entered. What's your response to that? Your Honor, our position is that the district court did have the authority because it did preserve the issue by issuing a general order at the time of sentencing. It found that forfeiture was appropriate. It specifically and orally identified the items, the firearms and ammunition in the sentence report, that it was ordering the defendant to forfeit. It identified that the government had found or had made the requisite nexus between that property and the crime that was committed. It said all of this in the record. It also explicitly stated that it was overruling all the objections and arguments that were made against a substitute asset forfeiture. And it very clearly advised the defendant orally, as it was required to under 32.2b4a, that the only thing left to be determined was the value of those items. And that was why it was setting the subsequent hearing, so that it could make that determination. And that procedure, Your Honor, followed adequate notice to the defendant in both the indictment and in the preliminary forfeiture order that forfeiture was being sought and that the value of those items was $21,000 and — or $21,027.50. It had been in the record. And, Your Honors, the reason that the defendant or the court was in that position was because there was an evidentiary hearing even before sentencing. And at that evidentiary hearing, the district court explicitly asked the defendant if it had any objection to the factual representations in that preliminary forfeiture order. Counsel, I haven't checked the record yet on this, but there is, as part of the Statement of Reason standard form, a box that the district judge can check saying that restitution has not been imposed because — for the very reason that you're talking about. Do you know if that was used in this case? I'm sorry, Your Honor, I do not know. But I do recall that there is a copy of the written judgment that's been included in the record in this case. Counsel, do you agree that the preliminary order forfeiture and the final order contain the same amount? They do, Your Honor. Well, is that consistent with the notion that the district court was not able to calculate it originally? Your Honor, it's — even though that is the case, I would have the court recognize that in anticipation of sentencing, the defendant, one week out from sentencing, filed a sentencing memorandum. And in that sentencing memorandum, it reversed course from what it had said at the evidentiary hearing where these issues were meant to be discussed and where the defendant indicated that he had no factual objections to the items and the representations in that preliminary forfeiture order. And he reversed course and he said that the value was not — of those firearms and ammunitions was not the $21,000. And it also indicated that it was disagreeing that there was the requisite nexus in this case. Then, at sentencing, he continued to insist to the district court that the value was not $21,000. The counsel for the government stood up and explained it was that value because the invoices, when added up, arrived at that value. But even after that colloquy occurred, the court — and this is at Excerpt of Record 83 — the court still asserted, so there's — there seems to be a dispute, then, as to whether or not that's the correct amount. Except defense counsel, you believe that amount was reduced from $35,000. And defense counsel said, that was my understanding, Your Honor. It was originally $35,000. So, again, the district court was not in a position at sentencing because of the continued representations the defendant was making that the value that's listed in both the preliminary forfeiture order and in the proposed final forfeiture order, that that was an accurate representation. It was only after judgment was rendered that the defendant did concede that that accurate — that was an accurate amount. And I think that that's also an important document for the court to consider. Less than two weeks after sentencing, the defendant filed a pleading. And in it, it acknowledged that at the time of sentencing, that the sentencing judge had ordered both a forfeiture and had granted the request for substitute assets in place of that forfeiture. The defendant himself acknowledged that in the post-sentencing briefing that he filed, and that's at Excerpt of Record 63. So we know that it happened. And we know there was no mistake in the defendant knew that he was being ordered to forfeit those items, and that the only thing left to do was to have a valuation hearing and resolve the dispute that it indicated on the record that it was facing at the time of sentencing. Did the district court enter a general order that meets the requirements of B2C? Your Honor, it did not explicitly cite Rule 32 at the time of sentencing. It didn't say it aloud. But I would submit to this court that if the court does consider that to be error, that's not plain error. The defendant was very clearly on notice, again, that the forfeiture was being ordered. And he was very clearly noticed that he was going to have to tender substitute assets reflecting the value of those firearms and the ammunition that he smuggled to Mexico. And specifically those which were listed in the pre-sentence report. The defense and their argument, they've also taken issue with just the statutory authorization for those types of orders. I would ask the court to consider that this is settled under circuit law. What is settled? The fact that the district court was in a position in a straw purchaser case such as this to make the type of substitute asset forfeiture order that it did. So we're merely asking the court to honor that precedent. And I would also ask the court to honor the fact that the district court did not err in finding that the $21,000 amount was not constitutionally excessive. It's not grossly disproportionate to the offense that occurred in this case. The defendant spent years sending firearms and ammunitions to the Sinaloa cartel. Did the district court adequately consider the financial circumstances of the defendant? Yes, Your Honor. At the time of sentencing, when it told him that he was going to be forfeiting those items and that he was going to have to pay a substitute asset forfeiture in place of those items, it entered a record 74. It acknowledged that it had reviewed the pre-sentence report, which contained paragraphs describing how the defendant is college educated, as well as all of his financial circumstances, conditions, and all the opportunities he was pursuing for employment even as this case went on. It also acknowledged that he was at exert of record 85, that he was the supporter for his family. And then it further acknowledged all the other administrative forfeitures which had occurred in that case. And that's at exert of record 79 through 82. I see that my time is up. I'd ask you to affirm, and I thank you for your time. Thank you, counsel. Let's have one minute for rebuttal. Counsel, if there is no Ninth Circuit precedent on this, how can there be plain error? Your Honor, as I tried to explain, the failure to enter a judgment, there's no need for an objection to that. This is the final judgment rule, just as if the court had not imposed a mandatory minimum prison sentence. That's explained. It's based on Green law and ad unisio, and it's explained in the Sixth Circuit Maddox case. When you say the final judgment rule, what are you talking about? I'm talking about the fact that once a judgment is entered, it cannot be altered except via Rule 35 or an appeal. So if the court declines to issue or impose a mandatory minimum prison sentence and the government doesn't appeal or file a Rule 35 motion, then the defendant gets the benefit of the lenient sentence. And that's explained in Green law, ad unisio, and the Maddox case. The guy was Can you ask him to apply that to forfeiture? Yes, because there's no real reason, there's no reason at all to differentiate a mandatory forfeiture penalty from a mandatory minimum sentence. We haven't done that before, so how can it be plain error if we haven't applied that law in the way before, in that way before? How can it be plain error? Your Honor, there's simply no application to object. It's the government's burden to object in that circumstance. I understand that, but if the district court made an error, under plain error review, the error must be so plain that the district court is able to, should have been able to detect it without an objection. And that's hard to say if there's no case authority that puts the district court on notice that this is error. Green law and ad unisio, which are Supreme Court cases, and I've answered that question to the best of my ability. Also, Kay and Pena, those are Ninth Circuit cases that discuss that rule as well. And if I may address a couple more points quickly. The forfeiture order was reduced from $35,000 to $21,000. Defense counsel was correct. She just couldn't remember exactly why. The district court, as I said before, already had briefing on that from the government, but did not review that carefully before the sentencing. And the covering prosecutor could not answer her question. And on ER-63, the defense counsel did not say or agree that the order had already been entered. She said she's objecting to the granting of substitute asset forfeiture because it still has not been granted yet. And finally, in the Eighth Amendment context, the district court explicitly did not consider my client's financial hardship in imposing it. And the citations for that can be found in the reply brief at pages 24 and 25. Thank you, counsel. Thank you. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court.
judges: RAWLINSON, COLLINS, Fitzwater